## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edward Bradstreet, being duly sworn, depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI) within the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), and have been so employed since 2007. While employed by HSI, I have investigated federal criminal violations related to advanced technology or cybercrime, child exploitation, child pornography and conducted forensics data recovery/data analysis as a certified computer forensic agent. I have also received specialized training in child exploitation investigations.

2. Prior to HSI, I was employed by the United States Secret Service as a Special Agent in the Boston Field Office for approximately seven years where I received extensive training and experience in computer forensics, advanced technology investigations and network intrusions. While with the Secret Service, I was assigned to the New England Electronic Crimes Task Force where I investigated network intrusions, computer-system intrusions, Internet fraud, child pornography, and performed forensic data recovery and data analysis. Prior to my time with the Secret Service, I worked for the United States Department of Labor, Office of Labor Racketeering & Fraud Investigation, for one year.

3. I have a Bachelor of Science degree in Business Law/Entrepreneurship from Babson College. I successfully completed the Criminal Investigator Training Program, and ICE Special Agent Training and Secret Service Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia and Secret Service James J. Rowley Training Center, Beltsville, Maryland, respectively. I have a Master of Science degree in Forensic Computing and Cybercrime Investigation from University College of Dublin, Center for Cybersecurity and Cybercrime Investigation. While employed by HSI, I continue to receive advanced training in computer and mobile device forensics and hold certifications related to this training.

4. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and

enticement, and transportation of minors, including but not limited to violations of Title 18, United States Code, Sections 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography, as defined in Title 18, United States Code, Section 2256.

5. This affidavit is submitted in support of an application for a criminal complaint charging Scott MORRILL (YOB 1973) with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

6. The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience and the training and experience of other agents who have worked on child exploitation investigations for years. This affidavit does not set forth each and every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause for the criminal complaint.

## STATEMENT OF PROBABLE CAUSE

7. On April 7, 2025, HSI agents, with the assistance of local law enforcement, executed federal warrants authorizing them to search Scott MORRILL, YOB 1973, and a residential address in Uxbridge, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

8. At approximately <u>1306 </u>hours law enforcement located MORRILL at his residence in Uxbridge, Massachusetts. He was provided with a copy of the warrant for his person

and residence and agreed to an interview.

9. At approximately 1323 hours, agents began the interview of MORRILL at his residence. Agents advised MORRILL his rights pursuant to *Miranda* both verbally and in writing. MORRILL indicated that he understood those rights, waived them in writing, and agreed to speak with agents. The interview was audio recorded; MORRILL's statements are summarized herein rather than recounted verbatim unless indicated otherwise.

10. MORRILL was told that we were investigating contraband uploaded to a Google Account. He was asked about computer or internet-enabled devices that he possessed.

11. MORRILL stated that he had a work laptop subsequently identified as a Panasonic Laptop Toughbook, Model #CF-31, S/N CF-31VFAEX1M that was located downstairs in the kitchen. MORRILL stated when shown this laptop "that's the only place your gonna find it, yes.." and admitted he would save files to the desktop.

12. MORRILL provided the password for the laptop which was "▇".

13. MORRILL admitted ownership of the lisamom1980@gmail.com account. He stated that he received notification that the account was shutdown due to "images" approximately "3-4 months ago". When asked, MORRILL advised his interest was females ages 14 and up, "like before".

14. During the preliminary review of the Panasonic laptop computer, approximately 7 images and 6 videos depicting child pornography were discovered. These files were located in the file path Users\shop\Desktop\Sync3_UUU_1.0.2.3c\dieseldiag\parts. The following files are examples of those images and videos.



a.

b.

15. The Panasonic laptop, along with an Amazon Fire tablet that was not previewed, remain in the custody of HSI; further forensic analysis pending.

16. According to labeling on the Panasonic laptop, it was manufactured in Taiwan.

## CONCLUSION

17. Based on the foregoing, I submit that there is probable cause to believe that: On or about April 7, 2025, in the District of Massachusetts, MORRILL knowingly possessed any child pornography, as defined in Title 18, United States Code, Section 2256(8) that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including

by computer, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

Accordingly, I respectfully request that that the Court issue the requested criminal complaint.

Sworn to under the pains and penalties of perjury,

_____

Special Agent Edward Bradstreet
Homeland Security Investigations

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1(d)(3)
this _____ day of April 2025

_____

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE